UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON GREGORY JESSIE,

    Petitioner,

v.

WILLIS CHAPMAN,

    Respondent.

Case No. 2:19-cv-12846
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS [8], GRANTING PETITIONER'S MOTION TO STAY [11], AND ADMINISTRATIVELY CLOSING CASE**

    Petitioner Myron Gregory Jessie is presently incarcerated in Michigan after being convicted of armed robbery and home invasion in a Michigan state court. He has filed a pro se habeas corpus petition under 28 U.S.C. § 2254. Willis Chapman, the warden, argues in a motion to dismiss that Jessie did not fully exhaust all of his claims for relief in the state courts. In response, Jessie has asked the Court to hold his habeas petition in abeyance while he pursues state remedies for his unexhausted claim and a few new claims. Jessie also seeks a copy of the state-court record that the State submitted with its motion to dismiss the petition. The Court believes that the best approach to Jessie's "mixed" petition of exhausted and unexhausted claims is to grant his motion to hold the habeas petition in abeyance. Accordingly, for the reasons that follow, the Court denies Chapman's motion to dismiss the petition and grants Jessie's request to hold his petition in abeyance. Additionally, the Court grants in part Jessie's request for a copy of the state-court record and orders the Clerk of Court to amend the docket to reflect Jessie's current address and warden.

I.

Following a jury trial in Wayne County Circuit Court, Jessie was convicted of two counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2). (ECF No. 8, PageID.72.) On October 12, 2016, the trial court sentenced Jessie as a habitual offender to concurrent terms of 24 to 50 years in prison for each of the armed-robbery charges and 9 to 30 years in prison for the home invasion. (*Id.*)

In his direct appeal to the Michigan Court of Appeals, Jessie argued that (1) the evidence at trial was insufficient to support his convictions and (2) the trial court erroneously scored offense variables 8, 10, and 13 of the Michigan sentencing guidelines. (ECF No. 9-12, PageID.565.) The Michigan Court of Appeals affirmed Jessie's convictions. Even though the court agreed that offense variable eight was improperly scored, it rejected Jessie's other sentencing claims and concluded that resentencing was not required. *See People v. Jessie*, No. 335736, 2018 WL 1936018 (Mich. Ct. App. Apr. 24, 2018).

Jessie raised the same issues in an application for leave to appeal in the Michigan Supreme Court. On October 30, 2018, the state supreme court denied leave to appeal because it was not persuaded the issues warranted review. *See People v. Jessie*, 919 N.W.2d 254 (Mich. 2018).

Jessie then applied for a writ of certiorari in the United States Supreme Court, but on October 7, 2019, the Supreme Court denied his application. *See Jessie v. Michigan*, 140 S. Ct. 174 (2019). At that point, Jessie's convictions became final. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to [the Supreme] Court,

the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari.").

Meanwhile, Jessie filed a habeas corpus petition with this Court. (ECF No. 1.) Jessie raises as grounds for relief that: (1) the evidence at trial was insufficient to convict him of armed robbery and first-degree home invasion as an aider and abettor; (2) resentencing is required because the trial court erroneously scored offense variables 8, 10, and 13; and (3) the trial court engaged in impermissible judicial fact-finding. (*Id.* at PageID.5–8.)

Chapman urges the Court to dismiss the entire habeas petition because Jessie did not raise his third claim in either the Michigan Court of Appeals or the Michigan Supreme Court. (ECF No. 8.) Jessie concedes that he did not exhaust state-court remedies for his third claim (ECF No. 10, PageID.784), and now asks the Court to stay the proceedings and hold his habeas petition in abeyance to allow him to do so, and to exhaust additional claims he has not yet raised (ECF No. 11). Jessie also asks the Court to provide him with a copy of the state-court record. (ECF No. 11.)

**II.**

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state

3

courts. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The Michigan Rules of Court provide a process through which Jessie may raise unexhausted claims that he did not file on direct appeal—namely, by filing a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq* and then appealing the trial court's decision to the state appellate courts as necessary.

Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). However, the dismissal of a "mixed" petition, that is, one containing both exhausted and unexhausted claims, can result in a subsequent petition being barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d).

Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," the Supreme Court approved a stay-and-abeyance procedure, which permits district courts to hold a habeas petition in abeyance while a petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). This stay-and-abeyance procedure is available only in "limited circumstances" when the petitioner had good cause for the failure to exhaust his remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in intentionally dilatory litigation tactics. *Id*. at 277–78.

Even when a stay is appropriate, however, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id*. at 278. "Without time limits, petitioners

4

could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Id*.

### III.

### A.

In this case, Jessie has demonstrated the need for a stay.

Jessie exhausted state remedies for his first and second claims by raising those claims in the Michigan Court of Appeals and in the Michigan Supreme Court. Nevertheless, he concedes that he failed to raise his third claim and that he has filed a "mixed" petition of two exhausted claims (claims one and two) and one unexhausted claim (claim three). Jessie also seeks to raise in his motion for relief from judgment new constitutional claims not included in his habeas petition.

A dismissal of Jessie's petition could result in a future petition being dismissed as untimely. This case has already been pending for at least nine months, and Jessie's convictions have since become final on October 7, 2019, when the United States Supreme Court denied certiorari. So Jessie would be left with less than three months under AEDPA's one-year statute of limitations to file his motion for relief from judgment, and then to refile his habeas petition.

Jessie asserts that counsel was ineffective for failing to properly pursue his unexhausted claims in the state courts, which may provide good cause to excuse his failure to exhaust. The claims Jessie seeks to pursue in his motion for relief from judgment include the trial court conducting improper judicial fact-finding, improper conduct by the state prosecutor, the trial court's failure to dismiss an allegedly biased juror, and ineffective assistance of both trial and appellate counsel. These claims are not plainly meritless, and there is no evidence that Jessie is trying to intentionally delay the habeas process.

Thus, the Court will stay this case and hold the habeas petition in abeyance while Jessie pursues additional state remedies. Accordingly, the Court denies Chapman's motion to dismiss (ECF No. 8) and grants Jessie's motion to stay proceedings and hold his habeas petition in abeyance (ECF No. 11).

The Court orders Jessie to file a motion for relief from judgment in the state trial court within 90 days of the date of this order if he has not already done so. The Court further orders Jessie to file an amended petition for writ of habeas corpus containing all exhausted claims that he intends to pursue and a motion to re-open this case if he is unsuccessful during post-conviction proceedings in state court. The amended petition and motion to re-open this case shall be due within 90 days of exhausting state remedies for Jessie's unexhausted claims.

**B.**

In his motion to hold his habeas petition in abeyance, Jessie also requests a free copy of the state-court materials that the State filed in this case. In support of this request, he relies on the federal statute that states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

Jessie's petition to proceed in forma pauperis has been granted. (ECF No. 3.) And he asserts that he never received a copy of his trial and hearing transcripts during the direct-appeal process. (ECF No. 11, PageID.805–806.) Jessie states that he needs a copy of the transcripts in order to provide accurate support for his arguments and to respond to any arguments that Chapman makes based on the transcripts. The Court finds this to be a sufficient showing of

6

need. *See, e.g.*, *United States v. Clark*, No. CRIM.A. 6:07-13-DCR, 2010 WL 342547, at *1 (E.D. Ky. Jan. 29, 2010) (citing *United States v. Nelson*, 931 F.2d 64, 1991 WL 59411, at *1 (10th Cir. April 16, 1991) (unpublished table opinion)).

All of the claims Jessie includes in his petition or intends to raise in a motion for relief from judgment relate to his trial and sentencing. Jessie has not explained why he needs the transcripts of his pre-trial hearings or how those hearings relate to his claims. He states that he would like to review them "to ensure that he is not unintentionally misleading the state courts in his arguments" and that the state cannot surprise him with arguments based on those transcripts. (ECF No. 11, PageID.805.) But because Jessie's claims relate only to what happened at trial and sentencing, he has not demonstrated the need for the transcripts of any pre-trial hearings. *See, e.g.*, *Clark*, 2010 WL 342547, at *1 ("[A] broad, unspecific contention that record access may enable [the petitioner] 'to find grounds to pick [a] theory' is insufficient to constitute a showing of need." (citing *Walker v. United States*, 424 F.2d 278 278–79 (5th Cir. 1970))). The Court will provide Jessie with the transcripts of his trial and sentencing without cost because he has demonstrated a reasonable need for those documents. But the Court finds that the government expense of providing copies of the pre-trial-hearing transcripts is not justified at this time.

## C.

One final matter that needs to be addressed is Jessie's current address and the caption for this case. When Jessie filed his habeas petition, he was incarcerated at Macomb Correctional Facility. (ECF No. 1, PageID.1, 16, 51.) He subsequently informed the Court that he had been transferred to the Gus Harrison Correctional Facility in Adrian, Michigan. (ECF No. 6.)

Jessie has not informed the Court of any other changes in his address, but in the motion that he filed on May 26, 2020, he indicates that he currently is incarcerated at the Marquette Branch in Marquette, Michigan. (ECF No. 11, PageID.789.) The official website for the Michigan Department of Corrections confirms that Jessie is confined at the Marquette Branch Prison and that the warden there is Erica Huss. *See* MDOC Offender Tracking Information System, https://bit.ly/3iNxjEf (last accessed July 8, 2020). The Court, therefore, orders the Clerk of Court to amend the docket for this case to reflect Jessie's current address at the Marquette Branch Prison and his current warden, Erica Huss. Jessie is advised, however, that it is his obligation to inform the Court of any future changes in his address. Failure to do so will make him responsible for any missed filings or deadlines.

## IV.

For the reasons discussed, the Court DENIES Chapman's motion to dismiss. (ECF No. 8.) Jessie's motion to hold his habeas petition in abeyance (ECF No. 11) is GRANTED and the proceedings are STAYED. The stay is conditioned on Jessie presenting the unexhausted claims to the state courts within 90 days of the date of this order by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure).

IT IS ORDERED that, if Jessie is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case, within 90 days of exhausting state remedies. The motion and amended petition shall contain the same case number that appears on this order. Any failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Jessie's request for copies of the Rule 5 materials (ECF No. 11) is GRANTED IN PART.

The Court ORDERS the Clerk of Court to furnish Jessie with copies of the following docket entries without cost: ECF No. 9-9, 9-10 and 9-11 (PageID.212–529).

The Court ORDERS the Clerk of Court to amend the docket and caption for this case to reflect Jessie's current address at the Marquette Branch Prison, 1960 U.S. Highway 41 South, Marquette, Michigan 49855, and his current warden, Erica Huss, as the proper defendant.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes only. Nothing in this order shall be construed as an adjudication of Jessie's claims.

SO ORDERED.

Dated: July 10, 2020

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE